### 13686. GRADY TRADING COMPANY *v.* IRELAND.

Where a chattel mortgage was recorded in the county in which the mortgagor resided at the time of its execution, and in which the mortgaged property was located when he executed a subsequent mortgage thereon to another, the second mortgagee had sufficient notice of the first mortgage, although when the first mortgage was executed the property was in a different county and the first mortgage was not recorded in that county.

DECIDED OCTOBER 5, 1922.

Money rule; from city court of Cairo — Judge Rigsby. April 11, 1922.

*S. P. Cain, Little, Powell, Smith & Goldstein,* for plaintiff in error, cited Civil Code (1910), § 3259.

BLOODWORTH, J. On November 21, 1919, Spencer Ware, who lived in Grady county, went to Thomasville, Thomas county, Georgia, and bought a mule from Cockran & Company, live-stock dealers, and then and there executed a mortgage on the mule. The mule was then carried by Ware to his home in Grady county. The mortgage given to Cochran & Company was not recorded in Thomas county, but was recorded in Grady county on November 29, 1919,

and was transferred to Mrs. Ireland. Ware gave to Grady Trading Company on February 23, 1921, a mortgage on the mule, which was recorded June 24, 1921. Ware failing to pay the mortgages, the Grady Trading Company foreclosed its mortgage, and under this foreclosure the mule was sold. Mrs. Ireland foreclosed her mortgage and filed the execution with the levying officer. Upon a rule to distribute the money the court held that the mortgage of Mrs. Ireland was a superior lien on the mule, and directed that the fund arising from the sale thereof be paid to her. The Grady Trading Company excepted.

The court properly awarded the fund to Mrs. Ireland. The record of the mortgage held by her in the county where Ware resided and where the property was located when the mortgage to Grady Trading Company was executed was notice to that company. That portion of section 3259 of the Civil Code of 1910 which provides that "All chattel mortgages of stocks of goods, wares and merchandise, or other personal property, shall be recorded, in case the same is upon property or goods located in some other county than that of the mortgagor's residence, in the county where said goods or personal property is located at the time of the execution of said mortgage, in addition to the record of said mortgage in the county of the mortgagor's residence," has no application to the facts of this case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*